IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

07cv824
JUDGE HIBBLER
MAGISTRATE JUDGE VALDEZ

CHARLEAN FOSTER, )
individually and on behalf of a class, )
)
Plaintiff, )
)
v. )
)
VELOCITY INVESTMENTS, LLC, )
)
Defendant. )

FILED
FEB 1 2 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Charlean Foster brings this action to secure redress against unlawful credit and collection practices engaged in by defendant Velocity Investments, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection communications and activities impacted plaintiff here.

### PARTIES

4. Plaintiff Charlean Foster is an individual who resides in Chicago, Illinois.

5. Defendant Velocity Investments, LLC is a limited liability company chartered under the law of New Jersey with offices at 3100 Route 138W, Brinley Plaza Building One, Wall, NJ 07719.

1

6. Defendant Velocity Investments, LLC is engaged in the business of purchasing charged-off debts allegedly owed by consumers to others and attempting to collect the debts.

7. Defendant Velocity Investments, LLC obtains the debts for a few cents on the dollar (on information and belief, less than 10) after they are allegedly in default.

8. Defendant Velocity Investments, LLC is a "debt collector" as defined in the FDCPA.

9. Defendant Velocity Investments, LLC regularly files collection lawsuits against natural persons to collect debts incurred for personal, family or household purposes. It has filed over 3,000 such actions.

## FACTS

10. On or about Feb. 23, 2006, defendant Velocity Investments, LLC, filed suit against plaintiff to collect a purported credit card debt allegedly incurred for personal, family or household purposes. The suit was not served on plaintiff till the fall of 2006, and has been dismissed.

11. In connection with the lawsuit, defendant filed Exhibit A.

12. Exhibit A represents that the alleged debt consists of a principal balance of $1,463.81 and interest/ fees of $1,018.88.

13. The above statement is false.

14. The $1,463.81 was the amount allegedly charged off by the original creditor. A substantial portion, if not most, of the $1,463.81 consisted of interest and finance charges and fees.

15. Misstating the proportion of the debt that consists of principal and interest is material.

16. Courts are more willing to enforce principal than interest. Discover Bank v. Owens, 2003 CVF 20195, 129 Ohio Misc. 2d 71, 2004 Ohio 7333; 2004 Ohio Misc. LEXIS

712 (Ohio Mun. Sept. 9, 2004).

17. Creditors and purchasers of debts are required under the Internal Revenue Code and regulations to have accurate information concerning the composition of their debts. Debt Buyers' Ass'n v. Snow, 06-101, 2006 U.S. Dist. LEXIS 6527 (D.D.C., Jan. 30, 2006).

18. The importance of having an accurate breakdown of principal and interest on a debt for tax purposes is emphasized in ACA International's Guide to 1099-C Reporting, p.36:

> Example 13 – Interest
>
> Facts: A debtor owes a credit card company a debt of $5600. Of that amount, $1600 is interest. The creditor does not attempt any collection efforts during the 36-month testing period.
>
> Results: The creditor would be required to file a Form 1099-C in the amount of $4000. Interest is not required to be reported. However, if the creditor does decide to report interest, the interest must be reported separately from the principal amount of the debt. The 1099-C Form provides a separate box for the reporting of interest.
>
> If a debt purchaser is unable to determine the breakdown of purchased debt into principal and interest, it should use its best efforts to try and obtain this information so it can determine the amount of interest and principal that has been discharged. If, however, the debt purchaser is unable to obtain this information, the debt purchaser should report using the best available information. When attempting to determine what portion of a credit card debt is principal and what portion of a credit card debt is interest, special consideration should be paid to the terms of the underlying agreement between the creditor grantor and the debtor.

ACA International was formerly known as the American Collector's Association.

19. Exhibit A is a form document.

20. On information and belief, documents in the form represented by Exhibit A are filled out in a standardized manner by defendant.

## VIOLATION ALLEGED

21. The misstatement described above violates the FDCPA as constituting a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and "use of

3

any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§1692e(10)). "It is unfair to consumers under the FDCPA to hide the true character of the debt, thereby impairing their ability to knowledgeably assess the validity of the debt." Fields v. Wilber Law Firm, 383 F.3d 562, 566 (7th Cir. 2004).

## CLASS ALLEGATIONS

22. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Illinois addresses (b) with respect to whom defendant Velocity Investments, LLC filed a document in the form represented by Exhibit A, (c) that lists as "principal" an amount including finance charges or fees, as "interest/ fees" an amount less than the unpaid finance charges and fees imposed on the account, or both, (d) which document was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

23. The class is so numerous that joinder is impracticable.

24. On information and belief, there are more than 50 (a) natural persons with Illinois addresses (b) with respect to whom defendant Velocity Investments, LLC filed a document in the form represented by Exhibit A, (c) that lists as "principal" an amount including finance charges or fees, as "interest/ fees" an amount less than the unpaid finance charges and fees imposed on the account, or both, (d) which document was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

25. Defendant Velocity Investments, LLC has filed more than 150 lawsuits against Illinois consumers. A document in the form of Exhibit A was filed in each lawsuit.

26. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

27. Plaintiff's claim is typical of the claims of the class members. All are

based on the same factual and legal theories.

28. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

29. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

   a. Statutory damages;

   b. Attorney's fees, litigation expenses and costs of suit;

   c. Such other or further relief as the Court deems proper.

Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle R. Teggelaar
Francis R. Greene
EDELMAN, COMBS, LATTURNER
 & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

Daniel A. Edelman

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

_____
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   &amp; GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

t:\16694\pleading\complaint_pleading.wpd

# EXHIBIT A

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COOK COUNTY, ILLINOIS

05110856

| VELOCITY INVESTMENTS, LLC | ] | YOUR FILE NO. |
|---|---|---|
| | ] | 4053555045281160 |
| Plaintiff, | ] | |
| v. | ] | CASE NO. 06M1111568 |
| CHARLEAN FOSTER | ] | |
| Defendant. | ] | |

## AFFIDAVIT

I, __Craig Buckley__, being first duly sworn, depose and say that I have personal knowledge of the facts hereinafter said forth and that if sworn as a witness I can testify competently thereto:

1. That I hold the position of __Servicing Manager__ with VELOCITY INVESTMENTS, LLC a corporation incorporated under the laws of the State of __New Jersey__;

2. I have knowledge of an account in favor of VELOCITY INVESTMENTS, LLC and against CHARLEAN FOSTER with a principal balance due of $1,463.81 and interest/fees of $1,018.88 as of January 19, 2006; plus interest at 23.9% from the aforesaid date; until paid is with my knowledge true and correct, after all credits due the defendant, and that further all services were rendered and/or goods were sold and delivered or that the defendant(s) are in breach of the repayment terms as per any and all agreements between the aforementioned parties.

SIGNED AND SWORN
TO BEFORE ME THIS DATE
11/24/2006

_Craig Buckley_
SIGNATURE

CRAIG BUCKLEY
PRINTED

_Lisa Schillinger_
NOTARY PUBLIC

F002AF

LISA A. SCHILLINGER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES JULY 22, 2010